UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                Case No. 22-cr-20358
                                               Honorable Terrence G. Berg

vs.

Mark Gulow, D.O.,

        Defendant.

## Stipulated Order of Forfeiture

Plaintiff, by and through its undersigned attorneys, together with the defendant Mark Gulow, D.O. ("defendant"), by and through his attorney, James C. Thomas, submit this Stipulated Order of Forfeiture for immediate entry, and stipulate and agree to the following:

In entering into this Stipulation, the defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), without contest, any and all right, title, he may possess in property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to his violation of 18 U.S.C. § 1347 (Health Care Fraud) as charged in Count One of the Information.

In entering into this Stipulation, the defendant agrees to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount of **Thirty Thousand Three Hundred Sixty Dollars ($30,360.00)**, representing the total value of the property subject to forfeiture for the defendant's violation of 18 U.S.C. § 1347 (Health Care Fraud).

In entering into this Stipulation, the defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. The defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The money judgment shall be reduced by the net amount of proceeds ultimately forfeited by the defendant to the United States.

In entering into this Stipulation, the defendant agrees to immediate entry of this Stipulated Order of Forfeiture and agrees that this Order shall become final as to the defendant at entry.

In entering into this Stipulation, the defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer rights, title, and

ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

In entering into this Stipulation, the defendant also agrees that he shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature of form, in the property that defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will include agreement by the defendant's heirs, successors, and assigns, to forfeiture, disgorgement, transfer, or surrender, to any interest in the above-described forfeiture. Such assistance will further involve an agreement by the defendant to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

In entering into this Stipulation, the defendant also agrees to identify all assets over which he exercises control, directly or indirectly, or has exercised such control, within the past five years. He will identify all assets in which he has or had during that time any financial interest and will provide all necessary and

appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. The defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owned at any time by defendant. He also agrees to undergo any polygraph examination the government may choose to administer concerning such assets and to provide and/or consent to the release of his tax returns for the previous five years.

Based on the contents of the Information, the defendant's guilty plea to Count One of the Information, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, **IT IS HEREBY ORDERED THAT:**

1. The defendant shall **FORFEIT** to the United States, pursuant to 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), without contest, any and all right, title, he may possess in property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to his violation of 18 U.S.C. § 1347 (Health Care Fraud).

2. The Court **ENTERS** a forfeiture money judgment in the amount of **Thirty Thousand Three Hundred Sixty Dollars ($30,360.00)** against the defendant in favor of the United States representing the total value of the property subject to forfeiture for the defendant's violation of 18 U.S.C. § 1347 (Health Care Fraud).

3. To further satisfy the forfeiture money judgment, any assets that the defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). The money judgment shall be reduced by the net amount of proceeds ultimately forfeited by the defendant to the United States.

4. This Order of Forfeiture shall become final at sentencing and entry of the forfeiture money judgment shall be made part of the defendant's sentence and included in the Judgment and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

5. The forfeiture provisions of this stipulated order are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the entry of this order. The forfeitability of any particular property pursuant to this stipulated order shall be determined as if the defendant had survived, and that

determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including the money judgment amount, is collected in full.

6. The defendant's counsel, James C. Thomas, affirms that he has discussed this money judgment and forfeiture with the defendant and that the defendant consents to the entry of the Stipulated Order of Forfeiture.

7. The United States may conduct discovery in accordance with the Federal Rules of Civil Procedure in order to collect on and enforce the money judgment.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

S/K. Craig Welkener
K. Craig Welkener (DC 1033585)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

S/James C. Thomas (with consent)
James C. Thomas
Attorney for Mark Gulow, D.O.
James C. Thomas, P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000
jthomas@orlaw.com

Dated: April 28, 2023

Dated: April 28, 2023

*******************************

## IT IS SO ORDERED.

Dated: April 28, 2023  /s/Terrence G. Berg
Honorable Terrence G. Berg
United States District Court Judge